In the Matter of ANNETTE STOLLER, Appellant, v. ARTHUR ACKERSON et al., Constituting the Board of Elections of the County of Rockland, et al., Respondents.— In a proceeding. to invalidate petitions designating respondent Jack M. Blecher as a candidate in the Democratic Party Primary Election to be held on June 20, 1972 for the public office of Town Justice, Town of Ramapo, Rockland County, the appeal is from a judgment of the Supreme Court, Rockland County, entered June 20, 1972, which denied the application. Judgment reversed, on the law, without costs, application granted and petitions designating respondent Jack M. Blecher invalidated. Subdivision 6 of section 136 of the Election Law requires signatures of 5% of the enrolled voters of the party residing within the political unit in which the office is to be voted for. It also provides, *inter alia*, that 500 signatures are required on a designating petition for any office to be filled by the voters in an assembly district (par. [i]) and that for any office to be filled by all of the voters of any political subdivision contained within another political subdivision the number of signatures shall not exceed the number of signatures required for the larger subdivision (par. [j]). Respondent Blecher filed 836 signatures of enrolled Democratic voters. Since the total number of such party voters in the town is 16,757, he would be required to file 838 of their signatures, under the general language of subdivision 6 of section 136, or two more than he actually filed. He argues that, since the assembly district is the larger political subdivsion in this instance, only 500 signatures are required, pursuant to paragraph (j) of subdivision 6 of that section. The fallacy of that argument is that *all* of the Town of Ramapo is not now encompassed within one Assembly District; to the contrary, the town is now in two assembly districts. Thus, it seems clear that there is no provision contained in section 136 of the Election Law providing for a minimum of 500 signatures for the situation presented in this case. We are constrained, therefore, to hold that the respondent candidate was required to obtain valid signatures from 5% of the 16,757 enrolled Democrats in the Town of Ramapo. Having failed to do so, his designating petitions must be invalidated. Hopkins, Acting P. J., Shapiro and Christ, JJ., concur; Brennan and Benjamin, JJ., dissent and vote to affirm the judgment, with the following memorandum: In our opinion, it was never intended under the vagaries of reapportionment that a person running for office in a political subdivision, which might overlap into, or a portion of which might be included in, a larger political subdivision, should be required to obtain more signatures to run for the position than another candidate running for another office in the larger subdivision. Yet, that is the effect of the majority's decision. At the present time, each assembly district in the State has roughly 110,000 persons within its borders. The Town of Ramapo has a population of slightly over 76,000. Thus, under the majority's determination, the person running for the office of Assemblyman in the Ramapo area need only obtain 500 valid signatures, while a candidate for a position within the town must obtain more than that amount. This seems anomalous. Prior to the recent redrawing of Assembly lines, only 500 signatures were required for a person to run for office within the Town of Ramapo, since the whole town was within one Assembly District. We must conclude that the Legislature did not intend that more than 500 signatures for a town position must now be obtained solely because by reapportionment the town now overlaps into two Assembly Districts (cf. *Matter of Robinson* v. *Lawley*, 37 A D 2d 794).