■ In the Matter of ALBERT W. CORNACHIO, Respondent, v ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents, and ARTHUR E. FREDDOLINO, Appellant.—In a proceeding to invalidate petitions designating Arthur E. Freddolino as a candidate in the Democratic Party primary election to be held on September 8, 1977 for the public office of Council Member, 5th Ward, City of Yonkers, the appeal is from a judgment of the Supreme Court, Westchester County, dated August 12, 1977, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements (cf. *Matter of Mercorella v Benza,* 37 NY2d 792). Gulotta, P. J., Damiani, Shapiro, Mollen and O'Connor, JJ., concur.

■ In the Matter of ALICE D'EMIC, Petitioner, and VINCENT A. RICCIO, Appellant, v BRUCE KOGAN et al., Respondents, and ALICE SACHS et al., Constituting the Board of Elections of the City of New York, Respondents.— In a proceeding to validate petitions designating Vincent A. Riccio as a candidate in the Republican Party primary election to be held on September 8, 1977 for the public office of Council Member at Large of the City of New York from the Borough of Brooklyn, the appeal is from a judgment of the Supreme Court, Kings County, dated August 15, 1977, which, after a hearing, *inter alia,* declared the petitions to be invalid. Judgment affirmed, without costs or disbursements. Special Term correctly decided the issues before it. Hopkins, J. P., Cohalan, Margett, Titone and Suozzi, JJ., concur.

■ In the Matter of JOHN GALLAGHER, Appellant, v EVERETT F. McNAB et al., Constituting the Board of Elections of the County of Suffolk, et al., Respondents.—In a proceeding to invalidate petitions designating Fannie Della Franca as a candidate in the Republican Party primary election to be held on September 8, 1977 for the public office of Receiver of Taxes, Town of Babylon, the appeal is from a judgment of the Supreme Court, Suffolk County, dated August 10, 1977, which, after a hearing, denied the application. Judgment reversed, on the law, without costs or disbursements, application granted, and the board of elections is directed to remove the name of Fannie Della Franca from the appropriate ballot (see *Matter of Stoller v Ackerson,* 39 AD2d 934, affd 30 NY2d 877; *Matter of Steinberg v McNab,* 25 NY2d 810). No questions of fact were presented for review. Gulotta, P. J., Damiani, Shapiro, Mollen and O'Connor, JJ., concur.